OPINION
On January 20, 1987, appellant, Ruth M. Herold, was appointed guardian of her adult daughter, Janet Marie Herr. Ms. Herr is disabled and a resident at Mansfield Memorial Homes. Ms. Herr's physician is Dr. Gary Frantz. On January 22, 1998, the trial court issued a judgment entry ordering appellant to appear and show cause why she should not be removed as guardian. This order was precipitated by letters written by Dr. Frantz and Cindy Smith, R.N., Director of Nursing at Mansfield Memorial Homes, wherein they expressed their concerns about appellant as guardian in relation to Ms. Herr's medical care. A hearing was held on February 4, 1998. By judgment entry filed same date, the trial court removed appellant as Ms. Herr's guardian and appointed appellee, Dale M. Musilli, as interim guardian. On March 4, 1998, appellant filed a notice of appeal. By opinion and judgment entry filed September 2, 1998, this court reversed and remanded the case, finding the trial court's decision was not based on information of evidentiary quality. On September 10, 1998, appellee filed a petition to remove guardian. Hearings were held on December 22 and 29, 1998. By judgment entry filed January 12, 1999, the trial court removed appellant as Ms. Herr's guardian. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN REMOVING APPELLANT AS GUARDIAN IN THE ABSENCE OF EVIDENCE IN SUPPORT THEREOF.
 II THE TRIAL COURT'S REMOVAL OF THE APPELLANT AS GUARDIAN IS NOT IN THE BEST INTEREST OF THE WARD.
 I, II
Appellant claims the trial court's decision to remove her as guardian is not supported by the evidence and is not in Ms. Herr's best interest. We disagree. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610. R. C. 2109.24 governs the resignation or removal of fiduciary and states in pertinent part "[t]he court may remove any such fiduciary, after giving the fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law." We note in the January 12, 1999 judgment entry removing appellant as guardian, the trial court did not state its reasons for so deciding, and appellant did not request findings of fact and conclusions of law. Appellant states the issue for removal was "neglect of duty." Appellant argues there is no evidence in the record to warrant her removal, and Dr. Frantz "had no personal knowledge of many things regarding his patient." See, Appellant's Brief at 8. It is basically uncontested that Ms. Herr is in need of a guardian to make medical and financial decisions on her behalf. Dr. Frantz described Ms. Herr's medical condition as follows: Janet's physical condition even after consultation with Ohio State is not completely clear. She does mainly suffer from esophageal-stomach problems. And then she does have mental problems with a diagnosis of mental retardation, so different psychiatric diagnoses: schizoid personality, schizophrenia, psychosis. Various ones have been made by different psychiatrists through the years.
* * *
 The treatment consists mainly of medication and supportive care when her condition deteriorates to a point that she needs help to restore her to her baseline. * * * `Scleroderma' is a connective tissue disease, uncertain etiology, that causes tissues to become thickened and can interfere with their function.
* * *
Reviewing the medical records from Ohio State, there were some suggestions she may have CREST Syndrome or nondefined collagen vascular disease or scleroderma, depending on which notes you refer to. * * * Prognosis would be very uncertain in a sense of they may do very well, may do very poorly. Frantz depo. at 5-6, respectively. The record must be read in the context of the legal issues presented in the first appeal. Originally, the trial court sua sponte without hearing removed appellant as guardian on February 4, 1998. This court subsequently remanded the case to the trial court for an evidentiary hearing. See, In the Matter of the Guardianship of Janet Marie Herr (September 2, 1998), Richland App. No. 98-CA-16-2, unreported. Therefore, although two and one-half years have passed, this case is truly about the events that transpired in late 1997 at Mansfield Memorial Homes. At first, appellant refused to let Ms. Herr be fed intravenously although she later relented. T. at 66. As the intravenous fluids were going in, Ms. Herr's bladder was filling up. T. at 67. Appellant refused a catheter for Ms. Herr. Id. A catheter was finally inserted after getting an order from the trial court. Id. Appellant told nursing personnel to "just let Janet go", "let it be in God's hands." T. at 328. Appellant admitted to the statements but claimed she was under the impression Ms. Herr was terminally ill because she had been classified as a "hospice" patient. T. at 293-294. Dr. Frantz admits that in 1997, he considered Ms. Herr's condition terminal and he expressed such to the family. Frantz depo. at 10, 26-27. However, Dr. Frantz made the decision to place Ms. Herr in Mansfield Memorial Homes because "[t]he hospice nurse made the observation that when her mother left, Janet would become a different person, would start eating, would start being interactive. * * * And it was felt that we needed a change in environment to see what would result from that." Frantz depo. at 11. After Ms. Herr was moved to Mansfield Memorial Homes, Dr. Frantz issued a medical order restricting appellant "to visit with her daughter in a public place that could be monitored" by staff. T. at 20. Since Ms. Herr's residence at Mansfield Memorial Homes and appellant's restricted and monitored visits, Ms. Herr "overall has continued to do well, eating well, up in a wheelchair, being ambulated, interactive." Frantz depo. at 20. Several staff members noted Ms. Herr reacted negatively to appellant's presence and at times was physically ill or in a catatonic state after a visit. T. at 146, 159, 193-194, 226-227. Dr. Frantz is of the opinion appellant's visits psychologically stress Ms. Herr. Frantz depo. at 22. We note Ms. Herr executed a "living will" thereby giving appellant an indication of her wishes, and appellant was given a power of attorney "to make decisions on Janet's health." T. at 291-293. It is obvious from the tenor of the record appellant and the staff of Mansfield Memorial Home are at odds. Appellant believes Ms. Herr's care is deficient and the staff correlate Ms. Herr's regressive states to appellant's presence. Regardless of the outcome, appellant will continue to have an affect on Ms. Herr's well being and disagreements with Mansfield Memorial Homes will still exist. This is the "facts of life" in this case. Despite all of the testimony regarding the various incidents within Mansfield Memorial Homes, Dr. Frantz's undisputed medical opinion is that appellant interferes with necessary medical procedures and is too quick to assume Ms. Herr is terminal. Frantz depo. at 40, 62, 65. Based upon the record, we find sufficient credible evidence to remove appellant as guardian. Assignments of Error I and II are denied.
The judgment of the Court of Common Pleas of Richland County, Ohio, Probate Division is hereby affirmed.
By Farmer, J. Wise, P.J. and Edwards, J. concur.